DOGRA LAW GROUP PC
Shalini Dogra, SBN 309024
*Shalini@dogralawgroup.com*
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170
*Attorneys for Plaintiff Danielle Yoshimura and Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE YOSHIMURA, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>VIRGIN GROUP LIMITED, a United Kingdom Corporation; VIRGIN HOLDINGS LIMITED, a United Kingdom Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No:<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Danielle Yoshimura, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against Virgin Group Limited and Virgin Holdings Limited (hereinafter collectively referred to as "Defendant Virgin") and Does 1 through 50. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1. This is a consumer class action that arises out of Defendant Virgin's deceptive practices in connection with its flights, including: the airline's refusal to

refund consumers for covid-induced cancellations, and Defendant Virgin's issuing travel funds for non-existent flights and implementing an expiration date on "Travel Bank" funds.

2. Plaintiff brings this suit behalf of all persons who purchased Virgin airline tickets for international flights for personal use, and were issued replacement funds in the form of "Travel Bank " ("The Product"). Additionally, Plaintiff is serving this notice on behalf of all persons who bought Virgin airline flights and were not provided refund when their tickets were cancelled due to the covid pandemic. Furthermore, Plaintiff bring this suit on behalf of all persons who purchased Virgin airline tickets for personal use and were issued "Travel Bank" funds that had a one-year expiration date.

3. At all relevant times, Defendant Virgin created, advertised, marketed, distributed and sold the Product to consumers online and over the phone throughout California and the United States based on the misrepresentations that the Product were travel funds.

4. Based on the fact that Defendant Virgin's advertising misled Plaintiff and all others like her, Plaintiff brings this class action against Defendant Virgin to seek reimbursement of the premium she and the Class Members paid due to Defendant Virgin's false and deceptive representations about the benefits and value of the Product.

5. Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product statewide in California for common law fraud, intentional misrepresentation, and negligent misrepresentation. Additionally, Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product in California for violation of the California Bus. & Prof. Code §§17200, *et seq*., as well as California's Unfair Competition Law ("UCL"). Additionally, Plaintiff seeks relief for Defendant Virgin's unjust enrichment.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the aggregate amount in

1  controversy exceeds $5,000,000.00, exclusive of interests and costs, and, at least one class member is a citizen of a state different from Defendants. Additionally, more than two-thirds of the members of the class reside in states other than those in which Defendant Virgin are citizens and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

7. The Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. P. § 410.10, as a result of Defendants' substantial, continuous and systematic contacts with the State, and because Defendants have purposely availed themselves to the benefits and privileges of conducting business activities within the State.

8. Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District. Moreover, Defendants distributed, advertised and sold the Product, which is the subject of the present Complaint, in this District.

## PARTIES

9. Plaintiff is a resident of California, and lives in Los Angeles County.

10. Defendant Virgin Holdings Limited is a corporation based in the United Kingdom, with corporate headquarters located at the Battleship Building, 179 Harrow Road, London, W26NB. Defendant Virgin Group Limited is also a United Kingdom-based corporation, with headquarters at 179 Harrow Road, London, W26NB. Defendants Virgin are the parent corporations of the airlines that perpetuated the violations against Plaintiff, as alleged herein. As the parent corporation, Defendant Virgin oversees and controls "Virgin" and "Virgin Australia" flights, including decisions about pricing airline tickets, as well as how to issue travel funds and implement flight restrictions. Defendant Virgin regularly sells flights to consumers in California, earns profits from California residents and also uses California-based airports to conduct its flights.

11. Plaintiff is informed and believes, and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other

representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

12.  Plaintiff reserves her right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13.  Through its uniform labeling and advertising claims, Defendant Virgin perpetuates deceptive marketing about its flight prices and Product's value and benefits.

14.  During the relevant time period, Plaintiff had purchased multiple Virgin flights, include two Virgin airline tickets for a roundtrip between Los Angeles and Sydney. In March 2020, Defendant Virgin unilaterally cancelled the flights on its own due to the covid pandemic. Yet, even though Defendant Virgin knew that the flight cancellations were not attributable to Plaintiff, instead of providing her with a full refund to her original form of payment, Defendant Virgin issued Plaintiff "travel bank" credit in the amount equal to what she had paid for her flights, including the two international roundtrip tickets. In light of the circumstances, and the fact that Plaintiff's flights were cancelled due to the pandemic, Defendant Virgin's denial of a refund constitutes various forms of unlawful conduct, including breach of contract. Indeed, British Airways has faced liability for committing similar violations, and failing to provide refunds for flights cancelled because of covid-19. *Ide v. British Airways, PLC (UK)*, No. 20-cv-03542- JMF (S.D.N.Y.).

15.  Furthermore, Defendant Virgin exacerbated its misconduct by purposely forcing Plaintiff to take expiring "travel bank" credits that Defendant Virgin knew to be devoid of value. The "travel bank" credits that Defendant Virgin gave to Plaintiff were valueless and empty because Defendant Virgin entirely eliminated its international fights. That is, at the time Defendant Virgin issued the "travel bank" credits to Plaintiff, it knew she would not be able to use them to reserve her original flight or to travel from

the United States to Australia. Making this bait-and-switch tactic even worse, Defendant Virgin imposed a one-year expiration date on Plaintiff's "travel bank" credits. Notably, this protocol of placing expiration dates on the travel bank funds contravenes both US federal and California State laws, including 15 U.S.C. § 1693 ("the Electronic Funds Transfer Act"), as well as California Civil Code §§ 1749.5 and 1749.6. By enacting these subsections of the California Civil Code, the State legislature made clear that it wanted to protect consumers from tactics such as the practices Defendant Virgin furthers. Similarly, California's lawmakers demonstrated that enforcing expiration dates on different forms of refund vouchers constituted an injury and infringement upon legally protected rights.

16. Defendant Virgin knew and had good reason to know Plaintiff would not be able to use her travel bank credits within one year because Australia had enacted a country-wide lockdown and prohibited all individuals from flying into the nation. The only way Plaintiff would have been able to use Defendant Virgin's travel bank credits was if she booked a flight to Australia with a non-Defendant Virgin airline sometime between March 2020 and March 2021. It would have been impossible for her to do this, given that she would not have been allowed to enter Australia during the time period of March 2020 to March 2021. Furthermore, even if she had somehow managed to qualify for entry into the country, Plaintiff still would have faced difficulty using Defendant Virgin's travel funds for flying within Australia because most states within the nation had implemented statewide measures and proscribed entry for non-residents. For example, the state of Western Australia did not allow individuals to fly in from other states of Australia. Moreover, the ordeal that Plaintiff faced from Defendant Virgin was not unique solely to her. One the contrary, Defendant Virgin subjected countless people, California residents, and all members of the putative class to the same violations.

17. By operating flights out of California's airports and selling airline tickets for travel between California and Australia, Defendant Virgin purposely directed activities at California. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.

2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987); see also *Burger King Corp. v. Rudzewicz* (1985) 105 S. Ct. 2174, 2183-84. Plaintiff's claims here unequivocally arise out of Defendant Virgin's forum-related activities. California's courts have an interest in adjudicating this dispute because the instant litigation involves pervasive misrepresentations being committed specifically against California residents. *Zeigler v. Indian River County*, 64 F.3d 470, 475 (9th Cir. 1995). Hence, a judge has ample grounds to find that California has personal jurisdiction over Defendant Virgin, especially since there exists a presumption that the exercise of personal jurisdiction is reasonable. *Roth v. Garcia Marquez,* 942 F.2d 617, 625 (9th Cir. 1991); see also *Lee v. City of Los Angeles*, 250 F.3d 668, 695 (9th Cir. 2001).

18. Furthermore, the American Deregulation Act ("ADA") does not preempt Plaintiff's claims here. As affirmed by relevant case law, the preemption defense has limits and the ADA will not shield Defendant Virgin from liability here. *Ide v. British Airways*; see also *Bazerman et al. v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (D. Mass. 2017). In legislating the ADA, the United States Congress did not intend to give airlines license to trick consumers or reap ill-gotten profits from deceptive marketing schemes. Furthermore, assuming *in arguendo* the ADA preempted Plaintiff's CLRA claims, she would still have standing to pursue class-wide causes of action against Defendant Virgin for breach of contract, and common law claims, as well as injunctive relief under the UCL. Cal. Bus. & Prof. Code § 17200.

19. The Ninth Circuit has repeatedly affirmed and explained why preemption will not apply to the instant litigation. In *Bernstein v. Virgin America*, the Ninth Circuit made clear "field preemption generally applies to state regulations specifically in the field of aviation of safety." *Bernstein v. Virgin Am., Inc.* 3. F. 4th 1127, 1138 (9th Cir. 2021) citing *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007). Likewise, the instant matter is not preempted by the American Deregulation Act (the "ADA") because California's background regulations here are "several steps removed from prices, routes [and] services," and do not bind "the carrier to a particular price, route or

service." *Id*. at 1142.  Additionally, multiple recent cases have made clear that the ADA does not give airlines free reign to market misrepresentations to consumers or preempt Plaintiff's claims here. *Ide v. British Airways, PLC (UK),* No. 20-cv-03542-JMF (S.D.N.Y.); see also *Bazerman et al. v. American Airlines, Inc.,* Case No. 1:17-cv-11297-WGY (D. Mass. 2017). Notably, *Ide* also demonstrated that airlines still bear liability for engaging in the types of tactic Defendant Virgin engaged in, and refusing to issue refunds during the covid-19 pandemic.

## **RULE 9(B) ALLEGATIONS**

20. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirement of Rule 9(b) by establishing the following elements with sufficient particularity:

21. <u>WHO</u>: Defendants made material misrepresentations and omissions of fact throughout the advertising scheme and marketing of the Product.

22. <u>WHAT</u>: Defendants made material misrepresentations and omissions of fact by marketing the Product as airline tickets and travel bank funds.  Defendants made these claims with respect to the Product even though the Product did not in fact serve either of these purposes or functions.  Defendants' misrepresentations and omissions were material because a reasonable consumer would not have purchased or paid as much for the Product if he or she knew that they contained false representations.

23. <u>WHEN</u>: Defendants made the material misrepresentations and omissions detailed herein continuously throughout the Class Period.

24. <u>WHERE</u>: Defendants' material misrepresentations and omissions were made, *inter alia*, throughout the systemic marketing and pervasive advertising campaigns of the Product, on Defendants' website, and throughout Defendants' various other marketing and advertising scheme for the Product.

25. <u>HOW</u>: Defendants made written misrepresentations and failed to disclose material facts in the marketing and advertising of the Product and on their website and other advertising.

26. <u>WHY</u>: Defendants engaged in the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for the Product based on the belief that they would actually receive the benefit of the flight journey and routes they had purchased. Defendants profited by selling the Product to millions of unsuspecting consumers statewide in California, as well as nationwide.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this class action on behalf of herself individually and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3). Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this class action on behalf of herself individually and all others similarly situated statewide in California. Plaintiff seeks to represent a class a comprised of all persons in California who, on or after November 4, 2018, in California, (the "Class Period") purchased the Product for personal use and not for resale or distribution.

28. The proposed class consists of all consumers who purchased the Product in the State of California for personal use and not for resale, during the time period November 4, 2018, through the present. Excluded from the Class are Defendants, their affiliates, employees, officers and directors, any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

29. This action is properly brought as a class action for the following reasons:
   (a) The members in the proposed class are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single

class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.

(b) Plaintiff stands on equal footing with and can fairly and adequately protect the interests of all members of the proposed class. Defendant Virgin imposed the same unlawful policies for all units of the Product, whereby Plaintiff and every individual consumer who purchases the Product is exposed to the false advertising. Defendants have, or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify himself or herself as having a right to recover based on the description.

(c) Plaintiff will fairly and adequately represent and protect the interests of the class, has no interest incompatible with the interests of the class, and has retained counsel competent and experienced in class actions, consumer protection, and false advertising litigation. Plaintiff's attorneys have the experience, knowledge, and resources to adequately and properly represent the interests of the proposed class. Plaintiff will have no interests antagonistic to those of other proposed class members, and she has retained attorneys experienced in consumer class actions and complex litigation as counsel.;

(d) Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is so small, that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and thus establish incompatible standards of conduct for the party or parties opposing the class. Further, individual cases would be so numerous as to inefficiently exhaust judicial resources. Plaintiff seeks damages and equitable relief on behalf of the proposed

class on grounds generally applicable to the entire proposed class.;

(e) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such questions of law and fact common to Plaintiff and the class include, without limitation:

   i. Whether Defendants were unjustly enriched by their conduct;
   ii. Whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations;
   iii. Whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relieve and/or monetary relief, and if so, the amount and natural of such relief;
   iv. Whether Defendants made any statement they knew or should have known were false or misleading;
   v. Whether the utility of Defendants' practices, if any, outweighed the gravity of the harm to their victims;
   vi. Whether Defendants' conduct violated public policy, included as declared by specific constitutional, statutory, or regulatory provisions;
   vii. Whether Defendants' conduct or any of their practices violated the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.,* or any other regulation, statute or law;
   viii. The proper equitable and injunctive relief;
   ix. The proper amount of restitution or disgorgement;
   x. The proper amount of reasonable litigation expenses and attorneys' fees;

(f) Plaintiff's claims are typical of the claims of the members of the proposed class.

Plaintiff and all class members have been injured by the same practices of Defendants. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories. Plaintiff's claims are typical of class members' claims, as they are based on the same underlying facts, events and circumstances relating to Defendants' conduct.;

(g) As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(b)(4).

## FIRST CAUSE OF ACTION

### Common Law Fraud

30. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

31. As discussed above, Defendant Virgin provided Plaintiff and the Class Members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product failed to provide the true benefits and value of travel funds. These misrepresentations and omissions were made with knowledge of their falsehood. The misrepresentation and omissions made by Defendant Virgin, upon which Plaintiff and the Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Product.

32. The fraudulent actions of Defendant Virgin caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

///

///

///

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation

33. Plaintiff and the Class re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

34. Defendant Virgin represented to Plaintiff and other class members that important facts were true. More specifically, Defendant Virgin represented to Plaintiff and the other class members through its advertising for the Product, that the Product constituted travel funds. Defendant Virgin's representations were false. Defendant Virgin knew that the misrepresentations were false when it made them, or Defendant Virgin made the misrepresentations recklessly and without regard for their truth. Defendant Virgin intended that Plaintiff and other class members rely on the representations.

35. Plaintiff and the other class members reasonably relied on Defendant Virgin representations.

36. Plaintiff and the other class members were financially harmed and suffered other damages. Defendant Virgin's misrepresentations and/or nondisclosures were the immediate cause of Plaintiff and the other class members purchasing the Product. Plaintiff's and the other class members' reliance on Defendant Virgin's representations was the immediate cause of the financial loss. In absence of the Defendant Virgin's misrepresentations and/or nondisclosures, as described above, Plaintiff and the other class members, in all reasonable probability, would not have purchased the Product.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

38. As discussed above, Defendant Virgin represented the Product was in fact travel funds that provided a certain value and quantified benefit. Yet, Defendant Virgin failed to disclose that the Product did not in fact possess its advertised value, nor actually possess the attribute of genuine funds. Defendant Virgin had a duty to disclose this information.

39. At the time Defendant Virgin made these misrepresentations, Defendant Virgin knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity. At an absolute minimum, Defendant Virgin negligently misrepresented or negligently omitted material facts about the Product.

40. The negligent misrepresentations and omissions made by Defendant Virgin, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Product. Plaintiff and Class Members would not have bought the Product if they had known the true facts.

41. The negligent actions of Defendant Virgin caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## FOURTH CAUSE OF ACTION

**Violation of Business & Professions Code § 17200, *et seq*.**

42. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

43. California Business & Professions Code § 17200 *et seq.*, also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

44. Defendant Virgin's failure to disclose the truth about the Product's identity, value and benefits is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or deceptive business practice.

45. Defendant Virgin sale of the Product without disclosing the truth about the Product's composition offends established public policy and constitutes an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

46. Defendant Virgin's conduct is unlawful in that it violated numerous statutes, including Cal. Civ. Code §§ 1770(a); Cal. Civ. Code §§ 1709-1710; and Cal. Civ. Code §§ 1572-1573, as well as constituted common law fraud.

47. Defendant Virgin further violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*, failing to comply with California Civil Code § 1750, *et. seq.*, as well as California Civil Code §§ 1749.5 and 1749.6

48. Plaintiff and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant Virgin's fraudulent, unfair and/or unlawful business practices, in that as a result of Defendant Virgin's violations of the UCL, Plaintiff and the class purchased units of the Product which they otherwise would not have purchased, or at a minimum, paid more for the Product than they would have paid had Defendant Virgin not violated the UCL.

49. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

50. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant Virgin from continuing to engage, use, or employ their practice of advertising, labeling and marketing the Product in an untruthful manner. Likewise, Plaintiff and the Class seek an order requiring Defendant Virgin to disclose such misrepresentations, and additionally request an order

awarding Plaintiff restitution of the money wrongfully acquired by Defendant Virgin by means of responsibility attached to Defendant Virgin's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Defendant Virgin as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5. Plaintiff reserves the right to seek additional preliminary or permanent injunctive relief.

## FIFTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq*.

51. Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

52. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

53. The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

54. Defendant Virgin is a "person" under the CLRA. Cal. Civ. Code §1761 (c).

55. Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

56. The Product constitutes a "good" under the CLRA. Cal. Civ. Code §1761 (a).

57. Plaintiff and the putative Class Members' purchased units of the Product within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).

58. Defendant Virgin's actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

59. Defendant Virgin's failure to label the Product in accordance with California labeling requirements constitute an unfair, deceptive, unlawful and unconscionable commercial practice.

60. Defendant Virgin's actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(2), 1770(a)(5), 1770(a)(7), 1770 (a)(9),1770(a)(14), 1770(a)(17) and 1770(a)(19).

61. As a result of Defendant Virgin's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully marketed Product, which they would not have paid had the Product been labeled correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

62. Pursuant to § 1782 of the CLRA on approximately November 4, 2022, Defendant Virgin was notified in writing of the particular violations of § 1770 of the CLRA. Plaintiff demanded Defendant Virgin rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and to give notice to all affected consumers of its intent to do so.

63. Defendant Virgin has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiff seeks actual damages and punitive damages for violation of the Act.

64. In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

65. Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

66. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

67. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

68. Plaintiff and Class Members conferred benefit on Defendant Virgin by paying Defendant Virgin for airline tickets and in exchange receiving travel funds that lacked equal value or benefit.

69. Defendant Virgin been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because the Product is not in fact being provided and resulted in purchasers being denied the full benefit of their purchase because they did not purchase the benefit of air travel or a flight despite paying for it.

70. Because Defendant Virgin's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant Virgin must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A. This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class,

and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B. For an order declaring the Defendants' conduct violates the statutes referenced herein;

C. That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D. That the Court awards Plaintiff and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E. For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

F. That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G. That the Court awards pre-judgment and post-judgment interest at the legal rate;

H. That the Court orders appropriate declaratory relief; and

I. That the Court grants such other and further as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:     April 20, 2023         **DOGRA LAW GROUP PC**

                                By: _____
                                    SHALINI DOGRA, ESQ.
                                    Attorney for Plaintiff
                                    DANIELLE YOSHIMURA